# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

ANDREW ROWDEN,

    Plaintiff,

v.                                                Case No. 8:20-cv-1108-KKM-CPT

TARGET CORPORATION**,**

    Defendant.
    _____/

## **ORDER**

On October 29, 2019, Plaintiff Andrew Rowden filed a complaint in state court, alleging one count of negligence. (Doc. 1, Attachment 1). Defendant Target Corporation removed the action to this Court on May 13, 2020, after learning through discovery that the amount in controversy exceeded the requirement for diversity jurisdiction. (Doc. 1). Upon close of discovery, Target filed a motion for summary judgment against Rowden. (Doc. 23). Rowden never filed a response in opposition to the motion, and the Court now treats the motion as unopposed. After considering the motion's merits, the Court concludes that Rowden fails to show the existence of a genuine dispute of material fact such that a reasonable jury could return a verdict for Rowden. As such, Target's motion is granted.

## I. Background

Like many Target locations across the country, the Target located at 900 East Lake Road, Palm Harbor, Florida, incorporates a "unique design feature into its outer landscape: namely four large concrete bollards, spherically shaped and painted bright red." (Doc. 1, Attachment 1 at 2). These bollards, which Rowden alleges are an attractive nuisance, line the sidewalk area between the curb and Target's entrance. (*Id.*). Likening the bollards to playground equipment due to their "benign shape and bright red color," Rowden alleges that, when he and his daughter visited Target on January 7, 2019, his daughter "noticed the red balls in front of the store, and attempted to climb onto one of them." (*Id.* at 2–3). Rowden's daughter then "fell forward off of the ball, landing on her outstretched left arm, causing two fractures in her left forearm," which required surgery and the implantation of metal plates and screws to reset the bones. (*Id.*).

## II. Legal Standard

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *In re Optical Technologies, Inc.*, 246 F.3d 1332, 1334 (11th Cir. 2001) (citing Fed. R. Civ. P. 56(c)). "[T]he district court cannot base the entry of summary judgment on the mere fact that the motion was unopposed, but, rather, must

consider the merits of the motion." *United States v. One Piece of Real Prop. Located at 5800 SW 74th Ave., Miami, Fla.*, 363 F.3d 1099, 1101 (11th Cir. 2004). Although a district court "need not sua sponte review all of the evidentiary materials on file at the time the motion is granted," it "must ensure that the motion itself is supported by evidentiary materials." *Id.*

The party moving for summary judgment has the initial burden of showing the absence of a genuine issue of material fact. *Allen v. Tyson Foods, Inc.*, 121 F.3d 642, 646 (11th Cir. 1997). When deciding whether the movant has met this burden, "the court must view the movant's evidence and all factual inferences arising from it in the light most favorable to the nonmoving party." *Id.* Once the movant's initial burden is met, the burden shifts to the nonmovant to "come forward with specific facts showing that there is a genuine issue for trial." *Id.* (quotation omitted). "The mere existence of a scintilla of evidence in support of the [nonmovant's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [nonmovant]." *Burger King Corp. v. Weaver*, 169 F.3d 1310, 1321 (11th Cir. 1999).

### III. Analysis

In its motion, Target argues that it is entitled to summary judgment because the attractive nuisance doctrine is inapplicable and because Target did not breach any duty of care. (Doc. 23). The Court agrees.

3

### i.  The Attractive Nuisance Doctrine Is Inapplicable

In his complaint, Rowden alleges that the red bollards presented an attractive nuisance to children; that Target knew or should have known that children are unable to appreciate the risk of such an attractive nuisance; that Target intentionally designed the outer landscape to incorporate what it knew or should have known was an attractive nuisance; that Target permitted this open and obvious attractive nuisance; and that Target failed to post a warning of the danger posed by the attractive nuisance. (Doc. 1, Attachment 1).

The problem, of course, with Rowden's above theory is that his daughter must have been a trespasser on Target's property to succeed. The doctrine of attractive nuisance imposes a duty on landowners or occupants to *trespassing* children that would not otherwise exist. *Martinello v. B & P USA, Inc.*, 566 So. 2d 761, 762 (Fla. 1990). The doctrine "recognizes that trespassing children, unlike adults, may be incapable of perceiving or making reasonable judgments about dangers encountered on the premises." *Id.* Its purpose is to afford the trespassing child the same protection that would be afforded an invitee on the premises, *id.*, and to provide "relief to children who were allured or enticed upon the land by a condition, instrumentality, machine, or other agency dangerous to children of tender years, and [then] injured by the very thing that attracted them," *Walt Disney World Co. v. Goode*, 501 So. 2d 622, 624 (Fla. 5th DCA 1986). Florida courts have consistently held that the doctrine is applicable only to

4

trespassing children. *See, e.g.*, *Lister v. Campbell*, 371 So. 2d 133, 134 (Fla. 1st DCA 1979) (explaining that "if the attractive nuisance doctrine applies, it is presumed that the child is a trespasser" because "the doctrine was created as an exception to the rule as to trespassers"); *Adler v. Copeland*, 105 So. 2d 594, 596 (Fla. 3d DCA 1958) (explaining that that the attractive nuisance doctrine "is an exception to the rule of nonliability to infant trespassers"); *Walt Disney World Co.*, 501 So. 2d at 625 (declining to apply the attractive nuisance doctrine to a business invitee).

Target argues that the record is clear that Rowden's daughter "was neither unsupervised nor a trespasser on Target's premises" and was not "'allured or enticed' to Target by the bollards." (Doc. 23 at 8). The Court agrees that nothing in the record supports her status as a trespasser. Even Rowden acknowledges in his complaint that he and his daughter were "guests and invited patrons" at Target, not trespassers. (Doc. 1, Attachment 1 at 1). Moreover, Rowden testified that the red bollards had nothing to do with the purpose of Rowden and his daughter's trip to Target on the day of her injury. (Doc. 23, Exhibit A at 23, 27) (denying that he or his daughter went to Target on the day of the incident because there was a red bollard there or that he had ever gone to Target "specifically because it has the red bollards outside of it"). Thus, the red bollards did not allure or entice Rowden's daughter to Target on the day of the incident. *Goode*, 501 So.2d at 624. Accordingly, the doctrine of attractive nuisance is inapplicable.

## ii. Target Did Not Breach Any Duty of Care

In his complaint, Rowden also alleges that he and his daughter were guests and invited patrons at Target; that Target failed to effectively inspect and maintain its premises for dangerous and unsafe conditions; that Target failed to exercise reasonable care in allowing the danger presented by the red bollards to exist; and that Rowden's daughter was injured as a result of Target's failure to exercise reasonable care in the design, inspection, and maintenance of its premises. (Doc. 1, Attachment 1). In its summary judgment motion, Target argues that Rowden has not demonstrated that Target breached its duty of care to Rowden's daughter as a business invitee. (Doc. 23 at 8–9).

Under Florida law, "a business owner owes two 'separate and distinct' duties to business invitees:" (1) "to warn of concealed dangers which are or should be known to the owner and which are unknown to the invitee and cannot be discovered through the exercise of due care;" and (2) "to use ordinary care to maintain its premises in a reasonably safe condition." *Brookie v. Winn- Dixie Stores, Inc.*, 213 So. 3d 1129, 1131 (Fla. 1st DCA 2017) (quoting *Rocamonde v. Marshalls of Ma, Inc.*, 56 So. 3d 863, 865 (Fla. 3d DCA 2011)). "[T]here is no duty to warn against an open and obvious condition [that] is not inherently dangerous." *Id.* (quoting *Ramsey v. Home Depot U.S.A., Inc.*, 124 So. 3d 415, 417 (Fla. 1st DCA 2013)). "[I]n some cases, a property owner may in fact comply with both duties when an open and obvious condition does not trigger a duty to warn

and the condition itself does not violate a property owner's duty to maintain the premises in a reasonably safe condition." *Id.*

First, all record evidence confirms that the red bollards outside of Target were open and obvious. "[A] landowner is not responsible for preventing any and all injuries to [its] invitees, even when caused by conditions on the property, because 'some injury-causing conditions are so open and obvious that they can be held as a matter of law not to give rise to liability as dangerous conditions.'" *Arnoul v. Busch Ent. Corp.*, No. 8:07-cv-1490-T-24-TGW, 2008 WL 4525106, at *2 (M.D. Fla. Oct. 6, 2008) (quoting *Taylor v. Universal City Prop. Mgmt.*, 779 So. 2d 621, 622 (Fla. 5th DCA 2001)). Rowden admits in his complaint that on the day of the incident, Rowden's daughter *noticed* the red bollards, approached them, and attempted to climb on one. (Doc. 1, Attachment 1 at 3). Indeed, Rowden stated in his deposition that he and his daughter often frequent Target and see the red bollards each time that they visit. (Doc. 23, Exhibit A at 21–22). Further, Rowden acknowledged that his daughter had previously played on the red bollards on prior trips to Target and that he did not perceive the bollards as presenting any kind of danger to the public outside of playing or jumping on it. (*Id.* at 25, 30). Plainly, the red bollards were not a concealed, unknown danger. Considering that the red bollards were open and obvious and not inherently dangerous, Target had no duty to warn Rowden or his daughter of any potential danger posed by the bollards. *Arnoul*, 2008 WL 4525106, at *4 (explaining that landowners have a duty to warn invitees of

known concealed perils that would not be discovered by invitees through the use of due care, but that "[t]here is no such duty when the condition is open and obvious"); *see Aventura Mall Venture v. Olson*, 561 So. 2d 319, 320 (Fla. 3d DCA 1990) ("An owner is entitled to assume that the invitee will perceive that which would be obvious to him upon the ordinary use of his own sense[s], and is not required to give the invitee notice or warning of an obvious danger." (quoting *Crawford v. Miller*, 542 So. 2d 1050, 1051 (Fla. 3d DCA 1989))).

Second, Rowden has failed to raise a genuine issue of material fact as to whether Target complied with its duty to maintain the premises in a reasonably safe condition. Rowden points to no violation by Target of any law, code, regulation, or recognized industry safety standard, and he admitted in his deposition that the bollard is dangerous only if someone is playing on it. (Doc. 23, Exhibit A at 25). Further, Rowden withdrew his allegation that the bollard was slippery and admitted that he did not observe the condition of the red bollard on the day of the incident. (*Id.* at 4–5, 33–34). To the extent that he was asked about the condition of the bollard in the Target incident report, he stated that the area was clean, dry, and free of debris. (*Id.* at 39). Further, Target submitted an expert report from a professional engineer that concluded the bollard did not suffer from any defect and was maintained in a reasonably safe condition. (Doc. 23, Exhibit C). In sum, Rowden's unsupported allegations fail to create a question regarding whether Target failed to maintain their bollards. *Ramsey v. Home Depot U.S.A., Inc.*, 124

So. 3d 415, 418 (Fla. 1st DCA 2013) (explaining that an "unsupported opinion" did not establish that the defendant failed to maintain its premises in a reasonably safe manner, reasoning that generalized, conclusory opinions or assertions "do not create factual disputes [sufficient] to avoid summary judgment"); *see Miller v. Shull*, 48 So. 2d 521, 522 (Fla. 1950) ("The law does not require a proprietor of a public place to maintain his premises in such condition that an accident could not possibly happen to a customer. Plaintiff was in turn obligated to exercise a reasonable degree of care for her own safety.").

## IV. Conclusion

Viewing the evidence in the light most favorable to Rowden, the Court concludes that Rowden has failed to show the existence of a genuine dispute of material fact such that a reasonable jury could return a verdict for Rowden.

Accordingly, it is **ORDERED**:

(1) Defendant Target Corporation's motion for summary judgment (Doc. 23) is **GRANTED**.

(2) The Clerk is directed to enter judgment in Defendant Target Corporation's favor, terminate any pending motions and deadlines, and to close the case.

**ORDERED** in Tampa, Florida, on June 22, 2021.

_____
Kathryn Kimball Mizelle
United States District Judge